IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-CR-00548 HEA SPM |
| | ) | |
| DISELLE ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its Attorneys, Matthew Drake, Acting United States Attorney for the Eastern District of Missouri, and Torrie J. Schneider, Assistant United States Attorneys for said District, and moves the Court to order Defendant detained pending trial, and further requests that a detention hearing be held three days from the date of Defendant's initial appearance before the United States Magistrate under Title 18, United States Code, § 3141, et seq.

As and for its grounds for detention, the government requests this Court consider the following factors under Title 18, United States Code, Section 3142.

**Grounds for Detention**

1. Defendant is charged with Felon in Possession of a Firearm, under Title 18, United States Code, Section 922(g)(1) and 924(a)(8), which carries a maximum penalty of 15 years' imprisonment.

## Nature and Circumstances of the Offense

2. Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and circumstances of the offense charged, including whether the offense involves a crime of violence or a firearm. The offense Defendant is charged with involves a firearm, therefore, it is serious.

3. According to the St. Louis Metropolitan Police Department (SLMPD), on August 29, 2026, at approximately 8:50 p.m., an SLMPD officer observed a U-Haul box truck with no license plate driving erratically in the Old North neighborhood. Officers attempted a traffic stop due to the failure to have a license plate but the vehicle immediately accelerated and fled at a high rate of speed. Officers used air support to track the vehicle and other officers attempted to deploy stop sticks, which only deflated the front tires, permitting the truck to continue to flee, including driving the wrong way down streets, violating traffic control devices, and nearly striking several vehicles and pedestrians, who had to run to get out of the way. Eventually, officers deployed stop sticks that deflated the rear tires and the truck came to a stop in an alley.

4. Diselle Rogers was identified as the driver and sole occupant of the vehicle and when officers approached he was in the driver's seat with a loaded, nine-millimeter Taurus handgun (with a round in the chamber) sitting on the floorboard in the middle of the truck. After exiting the truck, officers found Rogers in possession of a plastic baggie containing an off-white, rock-like substance in his right hand.

(Officers also found a pipe commonly used to smoke drugs on the driver's side floorboard.)

5. In a post-*Miranda* statement, Rogers admitted fleeing because he was "wanted." He admitted owning the firearm despite being a felon and knowing he was not permitted to possess it but claimed he needed the protection. He stated he would rather have a gun than be killed.

6. The firearm and the suspected drugs were sent to the lab, where it was confirmed that the firearm had traveled in interstate commerce. The suspected drugs tested positive as .36 grams of cocaine base.

## **The Weight of the Evidence**

7. Title 18, United States Code, Section 3142(g)(2) requires this Court to consider the weight of the evidence against Defendant, which is strong. Officers witnessed Defendant exit a vehicle holding crack cocaine with a loaded firearm at his feet. In a post-*Miranda* statement, he admitted purchasing the firearm from the street, despite his knowledge that he was ineligible to possess it.

## **The History and Characteristics of Defendant**

8. Title 18, United States Code, Section 3142(g)(3) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length of residence in the community and community ties, past conduct, history of drug or alcohol abuse, criminal history, and history related to appearing for court hearings.

9. While Defendant may have resided in this community for the majority of his life, the other factors the Court is required to consider weigh in favor of detention, specifically Defendant's past conduct and criminal history.

10. Defendant's criminal history includes a crime of dishonesty of forgery in 2003, for which he was sentenced to seven years' imprisonment. From there, he began robbing people. In 2007, he was convicted of one count of robbery, second degree and sentenced to eight years' imprisonment.

11. In 2014, Defendant robbed two women—one of a purse and one of a wallet—and was sentenced to 12 years' imprisonment for two counts of robbery, second degree. He was also convicted of physically taking property from a third victim, for which he was sentenced to seven years' imprisonment. It appears he was paroled on this case in 2019 but has yet to be discharged.

12. Defendant has a violent history and appears to have committed the instant offense while under supervision. Thus, his past conduct and criminal history demonstrates that he is both a danger to the community and a flight risk and weighs in favor of detention.

**The Nature and Seriousness of the Danger to the Community**

13. Defendant poses a significant danger to the community. As previously noted, Defendant has a significant violent history from which he does not appear to have been deterred. His conduct in the instant case put dozens of people at risk due to his erratic driving, including nearly striking pedestrians who had to jump out of

the way. And he engaged in this driving conduct while in possession of a loaded firearm with a round in the chamber.

14. Therefore, the safety of the community would clearly be at risk if the Court released Defendant on bond. *See* 18 U.S.C. § 3142(g)(4).

**Risk of Flight**

15. Defendant faces a lengthy term of imprisonment; therefore, his risk of flight is significant. He also has a history of committing crimes while under supervision, including the instant offense. But most concerning was his initial reaction to the traffic stop in this case, in which Defendant fled from law enforcement at high speeds and in a reckless manner through several St. Louis neighborhoods and lasting nearing fifteen minutes. Thus, he clearly poses a risk of flight if released.

**Conclusion**

16. The government submits that after considering all the factors in Title 18, United States Code, Section 3142(g), the Court will find that they weigh in favor of detention. There is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any person and the community and there is a preponderance of evidence that no condition or combination of conditions will reasonably assure Defendant's appearance in court.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

*/s/ Torrie J. Schneider*
TORRIE J. SCHNEIDER
Assistant United States Attorney